UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMBER M. WILSON,

                              Plaintiff,

v.                                                 Civil Action No. _____

MIRACLE FINANCIAL, INC.,

                              Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Amber M. Wilson is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Miracle Financial, Inc., (hereinafter "Miracle Financial") is a foreign business corporation organized and existing under the laws of the State of Massachusetts and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Wilson incurred a debt to Verizon Wireless for cellular telephone service. Said debt will be referred to as "the subject debt" in this Complaint.

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff Wilson thereafter defaulted on the subject debt.

12. That upon information and belief, after Plaintiff defaulted on the subject debt, the account holder thereafter employed Defendant Miracle Financial to attempt to collect the subject debt.

13. That on or about October 3, 2008, Defendant mailed Plaintiff a written 30-day notice that she owed a debt that included a collection fee of $138.64. Said letter did not specify any payment terms and instead instructed Plaintiff to contact Defendant by telephone to discuss the debt.

14. That in accordance with Defendant's instructions, Plaintiff immediately contacted Defendant by telephone to inquire about the amount of the debt allegedly owed and to discuss possible payment plans. Defendant demanded that Plaintiff either pay the debt in full immediately, or to pay said debt by making one payment immediately, and the second and final payment in the next month. Plaintiff thereafter informed Defendant that she was unable to agree to either plan due to her financial situation.

15. That after the aforementioned telephone conversation, Defendant made multiple telephone calls to Plaintiff Wilson's home in an attempt to collect the subject debt. Defendant made multiple telephone calls per week to Plaintiff's home telephone throughout the month of October 2008 despite the fact that Plaintiff had voluntarily contacted Defendant on several occasions to discuss the debt repayment.

16. That having failed to reach a negotiation during the aforementioned conversation with Defendant Miracle Financial, Plaintiff Wilson subsequently contacted Credit Education Bureau, a debt consolidation company, to assist her in managing the subject debt. When Credit Education Bureau contacted Defendant on behalf of Plaintiff Wilson, Defendant refused to discuss the subject debt.

17. That Plaintiff and a representative from Credit Education Bureau named Chad Rifken then made a three-way telephone call to Defendant in order to negotiate a reasonable payment plan. Again, Defendant refused to discuss the subject debt with Credit Education Bureau on the grounds that it was against Defendant's policy to negotiate with any credit consolidation company. Nevertheless, Plaintiff and Defendant reached an agreement wherein Defendant agreed to accept payment of $113 per month for the next eight (8) months. Defendant informed Plaintiff to call and confirm the payment terms the following day.

18. That in accordance with Defendant's instructions, Plaintiff contacted Defendant the very next day to confirm the payment terms.  When Plaintiff asked to speak with the employee with whom she had negotiated the payment plan, Defendant sarcastically replied, "That's so funny that there's no one by that name here."  Plaintiff then described the details of the previous telephone conversation with said employee, and again provided the terms of the negotiated payment plan which Plaintiff and said employee had agreed upon the day before.  To this Defendant impatiently replied, "We have no record of this agreement."

19. That Plaintiff became very concerned by Defendant's uncooperative behavior and requested Chad Rifken of Credit Education Bureau join her in a three-way telephone conversation with Defendant.

20. That upon hearing that Plaintiff was calling again in hopes of negotiating the payment plan, Defendant taunted Plaintiff for having no leverage in the negotiation process because she lacked documentation of the previously negotiated payment plan.  Thus, Plaintiff informed Defendant that she had Chad Rifken on the line to assist her in the discussion of reasonable payment plans. Defendant did not respond well and began shouting at Chad Rifken, "I will not work with you! [Plaintiff Wilson] knows what I said!"  Once more, the negotiation failed because of Defendant's refusal to continue the discussion.

21. That during several of the aforementioned telephone conversations, Defendant would flaunt the fact that they have greater negotiation leverage than Plaintiff because they could deny the existence of any conversations and/or agreements that had ever taken place.  Defendant repeatedly undermined Plaintiff's attempt to document their conversations by refusing to give out their last names, fabricating their first names, denying the existence of an employee with whom Plaintiff previously had conversation, making sarcastic statements such as, "We record every telephone conversation and there was no record of you ever calling," and bursting into laughter at inappropriate times such as when Plaintiff became clearly exasperated by Defendant's outrageous excuses.

22. That Plaintiff eventually decided to terminate all telephone communications with Defendant because Defendant was blatantly uncooperative and extremely insulting.  Plaintiff mailed Defendant a letter disputing the amount alleged owed.  Said letter was received by Defendant on October 30, 2008.

23. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

> A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by engaging in conduct the natural consequence of which was to harass the hearer when they

repeatedly and continuously caused Plaintiff's home telephone to ring with the intent to annoy, abuse and harass the Plaintiff, when Defendant repeatedly engaged in the conduct of taunting Plaintiff for her inability to verify any of her previous conversations and/or negotiations with Defendant, shouting at Plaintiff whenever she tried to discuss alternative payment terms with Defendant, and otherwise engaging in abusive conduct as described above in this Complaint.

B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by laughing at and taunting Plaintiff as described in the complaint.

C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f, by using deceptive and misleading representation in connection with the collection of the subject debt by misrepresenting the amount of the subject debt, by breaching their agreement to accept eight $113.00 payments in satisfy the subject debt, and when Defendant repeatedly misleading Plaintiff in such a way that she was unable to verify any of her previous conversations and/or negotiations with Defendant.

## VI. JURY DEMAND

Please take notice that Plaintiff Amber M. Wilson demands trial by jury in this action.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: February 5, 2009

/s/Kenneth R. Hiller, Esq.__
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Plaintiff Amber M. Wilson affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated: February 5, 2009



/s/Amber M. Wilson_
Amber M. Wilson